## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robin Davis,<br><br>    Plaintiff,<br><br>v.<br><br>Americold Logistics,<br><br>    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Robin Davis (hereinafter referred to as "Plaintiff") by and through her undersigned attorney, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Americold Logistics (hereinafter referred to as "Defendant") Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et seq.*).

### JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Notice of Right to Sue, attached hereto as Exhibit A.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 59 Oak Wood Drive, Hatfield, PA 19440.

8. Defendant is a business corporation with a regular place of business at 2525 Bergey Road, Hatfield, PA 19440.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff began working for Defendant as a Porter in about late 2020.

12. During her employment, Plaintiff was subjected a pattern of sexual harassment by an individual named Theodore [Last Name Unknown], who was also known as "Teddy."

13. Upon information and belief, Teddy was not an employee of Defendant, but rather, worked for a contractor that provided a temporary labor force to Defendant. To the best of Plaintiff's knowledge, Defendant had authority over these temporary employees with respect to the manner of their work, and further, had the authority to restrict said employees from accessing Defendant's premises.

14. The sexual harassment was initially verbal in nature. For example, Teddy would speak to me in a flirtatious manner and repeatedly ask if he could come over to Plaintiff's house. Plaintiff found this to be particularly unnerving because Plaintiff resided close to Defendant's premises, and the location of her residence was common knowledge among Defendant's employees.

15. In about early August of 2021, Teddy's harassment became physical. At that time, Teddy approached Plaintiff while Plaintiff was cleaning Defendant's parking lot. After briefly engaging Plaintiff in what appeared to be a friendly conversation, Teddy pulled down his pants such that his underwear was showing, grabbed Plaintiff's hand and tried to force Plaintiff to touch his genitals.

16. Plaintiff immediately told Teddy that the conduct described in Paragraph 15 was unwelcome, and she walked away with the intention of completing her job duties within the parking lot.

17. The day after the incident described in Paragraph 15, Plaintiff complained of said incident to Defendant's Office Manager, whose name she cannot presently recall. At that time, Plaintiff did not expressly state Teddy's name, but instead generally explained that there was an

individual working Defendant's premises that was engaging in sexually inappropriate behavior. Later that same day, Plaintiff submitted a written statement to Defendant's Office Manager, therein mentioning Teddy by name.

18. Several days later, Plaintiff spoke with Defendant's HR representative. During this discussion, Plaintiff vividly describe the incident with Teddy, including identifying him by name.

19. Plaintiff also reported the incident described in Paragraph 15 to Defendant's Regional HR representative and her direct supervisor, Raphael [Last Name Unknown]. The Regional HR representative did not appear to take the matter seriously, as their response was to criticize Plaintiff for completing her work-related tasks rather than immediately reporting the incident.

20. Shortly after the events described above, Defendant transferred Plaintiff to a less desirable position that was located in a different building. This position as less desirable because:

- It was significantly more labor intensive; and
- Plaintiff was no longer eligible for overtime and bonuses, whereas prior to the transfer, Plaintiff was working a substantial amount of overtime and was also receiving a weekly bonus for working weekends.

21. As a result of the forgoing series of events, Plaintiff resigned from employment on September 9, 2021. In her resignation letter, Plaintiff explained that she was resigning because of the manner in which Defendant handled her complaints of sexual harassment, *i.e.* by transferring her to a less desirable position that detrimentally impacted her earnings.

**Count I**
**Violations of Title VII**
**(Sexual Harassment, Hostile Work Environment and Retaliation)**

22. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23. As set forth in detail above, Plaintiff was subjected to severe and pervasive sexual harassment.

24. As set forth in detail above, Defendant was aware of the harassing conduct, but failed to take any reasonable remedial action.

25. Within a close temporal proximity of Plaintiff's complaints of the harassment by a Plaintiff was subjected to an adverse action, *i.e.*, transfer to a less desirable position in which she earned less money.

26. The pattern of sexual harassment and Defendant's failure to remedy same detrimentally affected Plaintiff insofar as it caused her extreme stress, anguish and humiliation.

27. As result of the forgoing, Plaintiff was left with no choice but to voluntarily resign from employment.

28. These actions constitute unlawful sexual harassment, hostile work environment and retaliation in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, and future lost earnings. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

  C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

           Respectfully Submitted,

           *[signature]*

           Jonathan W. Chase, Esq.
           **Law Office of Jonathan W. Chase**
           PA ID: 312448
           1515 Market Street
           Suite 1200
           Philadelphia, PA 19102
           (215) 967-1544

(215) 967-1108 (Fax)
jwc@lawjwc.com

# **EXHIBIT A**

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Robin Davis<br>59 Oakwood Drive<br>Hatfield, PA 19440 | From: | Cleveland Field Office<br>1240 E 9th St, Suite 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-05133 | Legal Unit | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
04/04/2022

Enclosures(s)

**Karen McDonough**
**Acting Field Director**

cc:  **Zandra Hall**
**Corporate Counsel**
**AMERICOLD LOGISTICS LLC**


**Jonathan W Chase, Attorney**
**LAW OFFICE OF JONATHAN CHASE**
**1515 Markey Street**
**Philadelphia, PA 19102**